UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DERYKE,<br>　　　　　　　Plaintiff,<br>v.<br><br>CORIZON HEALTHCARE INC.,<br>*et al.*,<br>　　　　　　　Defendants.<br>_____/ | Case No. 24-12857<br><br>Jonathan J.C. Grey<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 22)

Plaintiff moved for appointment of counsel. (ECF No. 22). In support of his motion, he explains that he has a learning disability that limits his ability to understand how to ask for documents or how to file documents. Plaintiff has had a legal writer drafting his documents so far. He also states that he cannot afford counsel, his case will require expert testimony, his case is complex, and there will be conflicting testimony at trial best handled by an attorney.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain

cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

      The Court will not appoint pro bono counsel now for several reasons. Though Plaintiff challenges the sufficiency of medical care for his many ailments against many Defendants, the claims themselves are not overly complex. It is also noteworthy that Plaintiff did not say that he will lose access to a legal writer to help him draft documents. Plaintiff's response to a motion for summary judgment, filed the same day as this motion for counsel, thoroughly addressed Defendants' arguments and is an example of his ability to prosecute this case. The Court is not insensitive to Plaintiff's learning disabilities. That said, a learning disability is not reason enough to appoint pro bono counsel. Should Plaintiff require more time to respond to a motion or file any other document because of the disability, he may file a simple motion requesting an extension of time explaining the reason for the request. Finally, the difficulties a prisoner-litigant may have in preparing a case

and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Langworthy v. Tuck*, 2024 WL 3251275, at *3 (E.D. Mich. July 1, 2024) ("An exceptional circumstance goes beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.") (internal quotation and citation omitted).

The motion is **DENIED WITHOUT PREJUDICE**. If Plaintiff defeats a dispositive motion that addresses the merits of his claims, or his circumstances significantly change since filing this motion, he may move again for appointment of counsel.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 18, 2025                s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 18, 2025.


                                    s/Sara Krause
                                    Case Manager
                                    (810) 341-7850